IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ILIRJAN FERKO, ELISABETA FERKO** | : CIVIL ACTION<br>:<br>: |
| v. | : NO.   25-1028<br>: |
| **JOHN M. ALLEN, KIKA SCOTT, KRISTI NOEM** | :<br>: |

# ORDER

**AND NOW**, this 22ⁿᵈ day of September 2025, following oral argument (DI 15), and upon consideration of defendants' motion to dismiss (DI 10), plaintiffs' response in opposition (DI 11), and defendants' reply (DI 13), defendants' motion to dismiss (DI 10) is **DENIED** without prejudice for the following reasons:

1. The Immigration and Nationality Act (INA) precludes judicial review of United States Citizenship and Immigration Services (USCIS) determinations with respect to waivers of inadmissibility under Section 1182(h) of the INA.  8 U.S.C. § 1252(a)(2)(B)(i); *see also Berlus v. Napolitano*, 502 Fed. Appx. 206, 208 n.8. (3d Cir. 2012).

2. Federal courts also lack jurisdiction to review facts found during discretionary relief proceedings.  *Patel v. Garland*, 596 U.S. 328, 347 (2022) (*citing* 8 U.S.C. § 1252(a)(2)(B)(i)).

3. However, as the parties acknowledged during oral argument, judicial review is available for "constitutional or purely legal claims regarding § 1182."  *Berlus*, 502 Fed. Appx. at 208 n.8.

4. The parties disagree on whether a pure question of law is at issue in this case, and the record before us does not allow us to resolve the dispute.  Therefore, the motion to dismiss is **DENIED** without prejudice to refiling or re-raising as part of the merits briefing.  If at any time

it becomes clear to us that we lack jurisdiction, we will promptly dismiss the case for that reason.

5.	On the assumption that this case may be resolved on a complete record that is already known to the parties but not known to us, the parties shall file any motions for summary judgment no later than **October 10, 2025**, and any responses in opposition are due no later than **October 24, 2025**.[1]

*[signature: John F Murphy]*
MURPHY, J.

---

[1] During the hearing on the motion to dismiss, counsel for plaintiff conceded that only purely legal arguments may be raised, and said that his intent was to argue the question of whether "criminal attempt under Albanian law is not a categorical match to criminal attempt under federal law because it does not have an element of an act or omission that is a substantial step in the course of conduct planned to culminate in the commission of the crime." DI 11-2 at 11 (quoting the amended complaint). We are not pre-deciding what issues may be properly raised or what is or is not a legal question; merely observing that based on what we know, merits briefing would be an efficient way to resolve everything at once. In the event that the parties require a conference or discovery schedule for this matter, they shall promptly notify us and make an appropriate request.